IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Betty Shumake, ) | C/A Nos. 6:11-711-TMC-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| World Finance Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the defendant's notice (doc. 41) that the *pro se* plaintiff Betty Shumake, or someone using her name, engaged in improper conduct before this court.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The defendant contends that this case is one of at least six frivolous *pro se* cases filed around the country under the plaintiff's name seeking damages from creditors for violations of the Fair Credit Reporting Act ("FCRA"). Further, the case appears to be related to many other similar *pro se* cases, including one in the United States District Court for the Southern District of Georgia, *Ricky Evans v. World Finance Corporation of Georgia*, Case No. 6:11-cv-00061-BAE-GRS, in which United States Magistrate Judge G.R. Smith expressed concern in his August 24, 2011, order that the named plaintiff Ricky Evans and another man, Milton Evans, were attempting a "litigation shakedown" by filing numerous frivolous FCRA suits against creditors, hoping to at least settle them for nuisance value (*see* doc. 41-1 at p. 7).

Defense counsel apprised the court that he has been unable to contact Ms. Shumake, but recently received calls from an individual identifying himself as Milton Evans

advising that Ms. Shumake is his sister, and that she did not authorize the current litigation, nor did she sign the pleadings or other filings. Counsel further reported that the Georgia post office box address listed for Ms. Shumake in the court's file is probably incorrect and has provided a street address that his investigation has revealed is likely accurate for Ms. Shumake.

Accordingly, on October 11, 2011, the plaintiff was ordered to show cause why this case should not be dismissed as frivolous and unauthorized. The show cause order was mailed to both the address of record and the address supplied by defense counsel.

On October 24, 2011, the plaintiff complied with this court's order and filed a response, with her signature notarized, citing the case number in the instant action and stating that she "is not filing a claim against World Finance" (*see* doc. 54).

Wherefore, based upon the foregoing, it is recommended that the district court dismiss this case as it was not authorized by the named plaintiff.

| | |
|---|---|
| October 25, 2011 | s/ Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).